[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 25, 1988, the plaintiff, Elaine L. Miller, entered into a written contract (Exhibit A) with Andrew Wawrzynowisz (hereinafter designated as "W"), a builder, for the construction of a seven room house on Lot 3, Roosevelt Avenue, Norwich, Connecticut. The contract was on a form prepared by Monarch Realty, the selling agency for Eastern Connecticut Development Co. (hereinafter designated as "Eastern"). A deposit of $13,600.00 in two installments was paid by the plaintiff to W.
The contract provided that if the plaintiff failed to obtain a mortgage commitment by October 10, 1988, the contract would terminate by written notice to the seller and the sums paid would be returned to the plaintiff. As of December, 1988 construction of the house had not started.
In January, 1989 W told the plaintiff that the defendant, Eastern, was the financial backer of W. Accordingly, on January 5, 1989 a second contract (Exhibit C), was entered into with Eastern, this time involving Lot 4, and calling for substantial completion by May 31, 1989. At that time Eastern acknowledged the receipt of the $13,600.00.
The second contract did not have a mortgage contingency clause. CT Page 8181
On the other hand, the second contract, which was prepared by the defendants, had a liquidated damage clause that read as follows:
 "10. If Purchaser shall fail to pay the balance of the purchase price and comply with Purchaser's obligations contained in the Agreement and if Seller has substantially completed construction and is ready, willing and able to transfer title and deliver the deed, the Purchaser shall be in default and all sums paid by the Purchaser to the Seller hereunder shall be retained by the Seller as liquidated damages and this Agreement shall thereafter be deemed terminated. In the event of default by the Seller, Buyer's only remedy will be the return of deposit and both parties shall be thereafter relieved of all obligations hereto and this Agreement deemed terminated."
This clause is the main issue of this case.
During the trial of this case it was conceded that the defendants W and Eastern stand or fall together (although as a practical matter it now appears that W is no longer important to the case).
The plaintiff (who had real estate experience, but did not have an attorney present when she signed both contracts), had signed Exhibit C after an assertion by defendants that they would not put a shovel in the ground unless she signed the second contract.
Also, the plaintiff was told that the defendants would not agree to a Hubbard clause being inserted in the second contract. (A Hubbard clause is to the effect that a buyer is protected until such time as she sells her previous house). In this case the sale of her prior house was essential to her obtaining financing.
Approximately two and a quarter years later the defendants sold the house at a loss (but such loss is not claimed in this counterclaim).
With reference to the liquidated damage clause in Paragraph 10 of Exhibit C, it is well recognized that the, law abhors a forfeiture. Also it should be noted that the CT Page 8182 plaintiff, in her complaint, claims a violation of CUTPA (the Connecticut Unfair Trade Practices Act).
The court finds that the plaintiff made diligent efforts to obtain mortgage financing.
On the other hand, the court finds that the prospective purchase of the proposed house was not consummated, through no fault of any party.
As a consequence, the court finds that both the plaintiff and defendant will partially prevail in this action.
Paragraph 13 of Exhibit C provides:
 "In the event of litigation between the parties relating to this Agreement, the prevailing party shall be entitled to reasonable attorney's fees."
It therefore behooves the court to balance the equities and to judge the fairness in the conduct of the parties, and to ensure that no one profits from unjust enrichment.
Accordingly the disposition of the $13,600 deposit must be solved.
Wherefore the defendant, Eastern is ordered to allocate and pay the amount of $13,600 as follows:
1. $3,400.00 to the plaintiff.
2. $3,400.00 for the plaintiff's attorney's fees.
3. $3,400.00 to the defendant, Eastern.
4. $3,400.00 for said defendant's attorney's fees.
No costs to any party (with the exception of the $300.00 sanction).
WRIGHT, J. STATE TRIAL REFEREE CT Page 8183